IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES A. BUTLER                              *
                Plaintiff,
   v.                                              *   CIVIL ACTION NO. WMN-05-387

U.S. DEPARTMENT OF JUSTICE       *
WARDEN DEWALT
                Defendants.                  *
                                      *****

## **MEMORANDUM**

In this Complaint, invoking the Federal Tort Claim Act ("FTCA"), 28 U.S.C. § 1346,[1] Plaintiff alleges that in 2002, approximately 40 boxes of his legal materials were being stored in a Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland") storage room. He claims that the materials suffered water damage when a fire in an inmate's cell activated the sprinkler system and water "up to 3 ft." went into the storage room.[2] The materials are not identified with any specificity. Plaintiff seeks $4,000.00 in damages.

On February 13, 2007, Defendant filed a Motion to Dismiss or in the Alternative, Motion for Summary Judgment.[3] Paper No. 10. Plaintiff has filed Opposition responses. Paper Nos. 18-

---

[1] The Complaint was received for filing on February 8, 2005, and was immediately placed on the inactive-unassigned docket until the number of Plaintiff's active cases was reduced to zero. The case was reactivated and assigned on September 7, 2006.

[2] Plaintiff speculates that the fire may have been caused by an inmate smoking in bed. Paper No. 1. He later states that it was determined that an inmate was smoking in the cell or that another inmate set the cell on fire. Paper No. 18.

[3] The United States has not sought to be substituted as the proper party Defendant. In FTCA actions the remedy against the United States is exclusive of any other civil action or proceeding for money damages against a federal agency. Title 28 U.S.C. § 2674 provides that the liability for alleged tortuous conduct is imposed solely against the United States. *See FDIC v. United States*, 157 F.3d 697, 706 (9th Cir. 1998); *Jamison v. Wiley*, 14 F.3d 222, 227 (4th Cir. 1994) (FTCA is the exclusive remedy for alleged tortuous conduct committed by government employees acting within the scope of their employment, and it only allows claims against the United States). Therefore, the Clerk shall take all necessary steps to substitute the United States as the party Defendant. The case against the U.S. Department of Justice and Warden Dewalt shall be dismissed.

20. In addition, Plaintiff has filed a request to allow pictures or boxes of damaged materials to be mailed to the Clerk to be used as exhibits. Paper No. 17. The case may be reviewed and determined on the pleadings without oral hearing. *See* Local Rule 105.6. (D. Md. 2004).

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court, however, need not accept unsupported legal conclusions or pleaded facts, or conclusory factual allegations devoid of any reference to particular acts or practices. *See Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989); *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of showing that there is no genuine issue as to any material fact. However, no genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex*, 477 U.S. at 322-323. Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure when there is no genuine issue as to any material fact, and the moving party is plainly entitled to judgment in its favor as a matter of law.  In *Anderson v. Liberty Lobby, Inc.*, the Supreme Court explained that, in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." 477 U.S. at 249 (1986).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.  Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in a light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *see also E.E.O.C. v. Navy Federal Credit Union*, 424 F.3d 397, 405 (4th Cir. 2005).  The mere existence of a "scintilla" of evidence in support of the non-moving party's case is not sufficient to preclude an order granting summary judgment. *See Anderson*, 477 U.S. at 252.

This Court has previously held that a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala*, 166 F.Supp.2d 373, 375 (D. Md. 2001) (citation omitted).  Indeed, this Court has an affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *See Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993) (quoting *Felty v. Graves-Humpreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987)).

The following information is not disputed.  Plaintiff was housed at FCI-Cumberland from March 24, 1997, to May 2, 2005.  Paper No. 10, Ex. 1, Greene Decl., Attach. A.  He remains housed

3

in U.S. Bureau of Prisons ("BOP") confinement, where he is serving a life sentence. On July 19, 2003, at approximately 12:00 p.m., a cell fire was discovered in Unit A-A in cell 214 at FCI-Cumberland. *Id*., Ex. 2, Holler Decl. The fire activated the fire alarm in the unit and the sprinkler system within the cell. *Id*. The force of the water from the sprinkler system caused water to leak into the adjoining cells and a storage room where inmate excess property was being stored. *Id*. Upon activation of the fire alarm in the unit, all inmates were evacuated from the unit and the fire was extinguished. *Id*. FCI-Cumberland staff proceeded to clean up the unit, remove the water from the affected cells and storage room, and conduct an investigation regarding the cell fire. *Id*. Inmates were not allowed to re-enter the unit until 2:00 p.m. that afternoon. *Id*.

According to Defendant, the water accumulation at the bottom of the adjoining cells and storage room amounted to approximately one to two inches. *Id*. When Plaintiff returned to the unit he asked to be allowed access to the storage room to review his documents. *Id*. Defendant states that at that time Plaintiff had approximately 40 to 50 boxes of documents of self-proclaimed legal documents that were being stored in the storage room on the second floor of the unit, four cells down from cell 214 where the fire occurred. *Id*. Defendant acknowledges that due to the large number of boxes, a couple of the boxes had to be stored on the floor of the storage room, and admits that two of these boxes appeared to have water damage to the outside of the box. *Id*. Plaintiff was allowed to take these boxes to his cell to inventory for damage and to dry out any papers if necessary. *Id*.

Four days later, on July 23, 2003, Plaintiff requested access to the storage room to return the inventoried boxes. *Id*. Defendant asserts that FCI-Cumberland staff unlocked the storage room and Plaintiff returned the two boxes to the storage room without voicing any concerns and without informing staff of any damage to the property.[4]   Paper No. 10, Ex. 2, Holler Decl.

---

[4]    In his Opposition, Plaintiff claims that upon examining the boxes on the floor "mildew had change[d] the discoloration on most of the legal material and water damaged on numerous of other documents,

4

On August 20, 2003, Plaintiff filed a tort claim with the BOP alleging that the aforementioned cell fire caused the activation of the sprinkler system resulting in 8 inches of water in the storage room, causing damages to transcripts and other documents in his boxes of legal materials. *Id.*, Ex. 1, Greene Decl., Attachment B. On March 1, 2004, the BOP denied Plaintiff's tort claim. *Id.*, Ex. 1, Green Decl., Attachment C. Plaintiff's request for reconsideration was denied by the BOP on August 31, 2004. *Id.*

Defendant argues that the Complaint is subject to dismissal because Plaintiff has failed to state a claim in tort. In sum, it asserts that it owes Plaintiff a duty of reasonable care and that he has failed to show that same was breached. The Court agrees.

The FTCA provides in part: "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Since a claim brought under the FTCA is governed by "the law of the place where the act or omission occurred," *see* 28 U.S.C. § 1346(b), this negligence claim is controlled by the substantive law of Maryland. *See Starns v. United States*, 923 F. 2d 34, 37 (4th Cir. 1991), *United States v. Miller*, 932 F.2d 301, 303 (4th Cir. 1991).

Under Maryland law, to recover in negligence Plaintiff must prove that: (1) Defendant was under a duty owed to protect him from injury; (2) Defendant breached that duty; (3) Plaintiff experienced an actual injury or loss; and (4) Plaintiff's loss or injury proximately resulted from Defendant's breach of the duty.[5] *See Beckwith v. Hart*, 263 F.Supp.2d 1018, 1022 (D. Md. 2003);

---

(transcripts, etc.)"  Paper No. 20.

[5]  Under Maryland law Plaintiff must satisfy these four basic elements by a preponderance of the evidence and, in the absence of any of the four elements, there is no cause of action for negligence. *See Supik v. Bodie, Nagle, Dolina, Smith & Hobbs, P.A.*, 152 Md. App. 698, 717-718, 834 A.2d. 170, 181 (Md. App. 2003); *Stickley v. Chisholm*, 136 Md. App. 305, 314, 765 A.2d 662, 668 (Md. App. 2001).

*see also Valentine v. On Target, Inc.*, 353 Md. 544, 549, 727 A.2d 947, (Md. 1999). When applying these elements, the Court finds that Plaintiff has failed to prove his claim.

Plaintiff cannot demonstrate that Defendant breached the duty of care owed to him. Under 18 U.S.C. § 4042, federal prison officials have a general duty to exercise ordinary diligence to keep prisoners safe and free from harm. *See Cowart v. United States*, 617 F.2d 112, 116 (5th Cir. 1980). That duty does not encompass the notion that every injury of any degree that befalls a federal inmate is compensable under the FTCA. *See Beckwith*, 263 F.Supp.2d at 1022-23. The government is not an insurer of inmates' safety and property. Correctional officials are expected to use reasonable care to protect inmates' property from foreseeable loss, not to provide them with a risk-free environment. *See Flechsig v. United States*, 786 F. Supp 646, 650 (E. D. Ky. 1991), *aff'd on other grounds*, 991 F. 3d. 300 (6th Cir. 1993).

FCI-Cumberland staff plainly went the extra mile and made a special effort to store countless boxes of excess materials for Plaintiff. According to Defendant, this storage room is always locked and inmates are allowed access to the room only when accompanied by a staff member. Paper No. 10, Ex. 2, Holler Decl. The majority of Plaintiff's documents were placed on shelves in the storage room and were not on the floor. Due to the sheer volume of Plaintiff's property, however, a number of the boxed materials were set on the floor.[6]

It appears that due to a fire in a cell in close proximity to the storage room, the sprinkler system was activated and water seeped onto the floor of the storage room. Plaintiff claims that his materials were damaged and automatically holds Defendant liable for this loss. The fallacy with this argument is that it flies in the face of the facts and applicable law. Defendant's duty to

---

[6] In his Opposition arguments, Plaintiff complains that the materials were stored in a room with old file cabinets and other furniture that was not fire retardant, and were "thrown" in the storage room with no care. Paper Nos. 18-20. He claims that ten or more boxes were on the floor of the storage room. *Id*.

safeguard Plaintiff's materials is not absolute. As previously indicated, correctional personnel have a duty to reasonably secure the materials. This they did. They ensured that the boxes were stored in a room safely under lock and key with restricted access to inmates. On July 19, 2003, a fire occurred in cell 214 which activated the sprinkler system. The fire was unforeseen and the automatic activation of the water sprinkler system was beyond the control of FCI-Cumberland staff. Nonetheless, staff took immediate action to evacuate the housing unit, investigate the matter, and clean up the water in the unit, including the storage room. After this occurred and inmates were allowed back in to the unit, Plaintiff requested and was permitted access to the storage room to examine his boxed materials and to dry out his documents if necessary. His review of the materials in question took four days and he returned the boxes without making any complaints to staff about any permanent damage to his documents.

Plaintiff has failed to show that FCI-Cumberland staff did not exercise reasonable care in safeguarding his property. Therefore, the Court concludes that he has not proven his tort complaint. Summary judgment shall be entered in favor of Defendant.[7]  A separate Order follows.

Date:  7/24/07

/s/

William M. Nickerson
Senior United States District Judge

---

[7] Because Plaintiff has failed to prove a threshold element of a negligence, *e.g.* Defendant's breach of duty, his Motion to Allow Pictures or Boxes of Damaged Materials to be Mailed to Court as Exhibits shall be denied.